**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ALI ASLAM, Individually and<br>On Behalf of Others Similarly Situated,<br>    Plaintiff, | § | |
| | | |
| V. | § | CIVIL ACTION NO. 4:21-cv-2788 |
| | | |
| FARHAZ SIRAJUDDIN, ANGEL FERRY,<br>INC., ANGEL ROSHAN, INC., ANGEL<br>INAARA, INC., ANGEL AASNA, INC.,<br>ANGEL ARCH, INC., ANGEL BUSINESS,<br>INC., ANGEL PRINCESS, INC., ANGEL<br>FARHAZ CHEVRON LLC, ANGEL<br>SAMAN MOBIL LLC, PRINCESS<br>SERENA LLC, ANGEL MUNEERA LLC,<br>ANGEL ALIYAN, INC., PRINCE ARSH,<br>LLC, ANGEL SHABANA, LLC, ANGEL<br>ARIA, INC., ANGEL PAAYAL LLC,<br>ANGEL SHAHNAZ LLC, ANGELS NOOR<br>ENTERPRISES, LLC AND ANGELS<br>ALIZAIN LLC, | | |
|     Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendant Farhaz Sirajuddin ("Sirajuddin"), through his companies, Angel Ferry, Inc.,

Angel Roshan, Inc., Angel Inaara, Inc., Angel Aasna, Inc., Angel Arch, Inc., Angel Business,

Inc., Angel Princess, Inc., Angel Farhaz Chevron LLC, Angel Saman Mobil LLC, Princess

Serena LLC, Angel Muneera LLC, Angel Aliyan, Inc., Prince Arsh, LLC, Angel Shabana, LLC,

Angel Aria, Inc., Angel Paayal LLC, Angel Shahnaz LLC, Angels Noor Enterprises LLC and

Angels Alizain LLC (collectively, "Defendants") has a business plan that includes paying non-

exempt hourly employees the same hourly rate for all hours worked, even those hours over 40

per workweek.  Defendants' failure to pay the overtime premium required by law allows them to

gain an unfair advantage over competitors who follow the law in their employment practices. Sirajuddin hired Ali Aslam ("Aslam" or "Plaintiff") as an hourly employee.  Mr. Aslam worked more than forty hours per week.  However, Sirajuddin did not pay overtime to Mr. Aslam or to similarly situated employees.  Mr. Aslam brings this lawsuit against Defendants to recover unpaid overtime as required by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiff's and Co-Workers' Claims

1.     Aslam worked for Sirajuddin in a gas station/convenience store owned by Sirajuddin's company Angel Ferry, Inc. as a cashier and manager from February 20, 2019 until July 22, 2021. Plaintiff's duties included, but were not limited to, running a cash register, ordering product, making bank deposits, and organizing the store.  As a manager, Ali also interviewed, hired, and fired other persons who worked as cashiers.

2.     During the time he worked for Sirajuddin and Angel Ferry, Inc., Plaintiff regularly worked in excess of 40 hours per week.

3.     Sirajuddin and Angel Ferry paid Aslam on an hourly basis.  Aslam was not paid an overtime premium for any of the hours he worked in excess of 40 in a workweek.  Instead, Aslam was paid the same hourly rate for all the hours he worked ("straight time").

4.     Aslam worked with other similarly situated individuals who were also paid on an hourly basis to work at Sirajuddin's convenience stores. Similarly to Aslam, these individuals were cashiers and other hourly workers who regularly worked over 40 hours per week. Sirajuddin similarly did not pay these individuals overtime pay for hours they worked in excess of 40 per workweek. Instead, the Defendants paid these other individuals straight time for all hours that they worked over 40 in a workweek.

## Allegations Regarding FLSA Coverage

5.     Defendant Sirajuddin is an individual who owns a number of companies that own and run convenience stores in the Houston, Texas area. Each of these Defendant companies, and by extension, their owner and control person, Defendant Sirajuddin, are covered by and subject to the overtime requirements of the FLSA.

6.     During each of the three years prior to this complaint being filed, Defendants were all enterprises engaged in interstate commerce, purchasing materials through commerce, ordering goods and materials through commerce and on the interstate highways, conducting transactions through commerce, including but not limited to the use of credit cards, phones and/or cell phones, electronic mail, and the Internet.

7.     During each of the three years prior to this complaint being filed, each Defendant regularly owned and operated business(es) engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

8.     During each of the three years prior to this complaint being filed, each Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

9.     During each of the three years prior to this complaint being filed, each Defendant's employees used, sold, or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, processed, made or manufactured outside the state of Texas.

## Plaintiff Aslam's Claims

10.     Sirajuddin and the other Defendants were legally required to pay Aslam and other hourly employees of Defendants ("Similarly Situated Workers") overtime pay for all hours that

these individuals worked for Defendants in excess of 40 in any workweek.

11.     Aslam worked over 40 hours in many workweeks that he worked for Sirajuddin and Angel Ferry, Inc.

12.     Similarly Situated Workers worked over 40 hours in many workweeks that they worked for Defendants.

13.     Defendants did not pay Aslam time-and-a-half for any of the overtime hours that he worked for the Defendant.  Defendant's underpayment of the Plaintiff, often referred to as "wage theft," allowed Defendant to gain an unfair advantage in the marketplace as compared to other convenience stores that pay their employees all of the money required by law.

14.     In addition to the hourly pay he received, Aslam also was also paid a percentage of the proceeds of illegal gambling machines that Sirajuddin and Angel Ferry, Inc. have located on the store's premises.  Aslam's overtime pay rate should also factor in these "commission" payments, as they were part of his compensation and will increase the overtime premium that he should receive. Upon information and belief, at least some of the other stores owned by Defendants have similar "gaming" machines which also cause other employees to receive similar payments that should be factored into their compensation.

15.     The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Ali and Similarly Situated Workers.  Such practice was and continues to be with regard to the Similarly Situated Workers, a clear violation of the FLSA.

16.     Sirajuddin is an owner and control person of the Defendant companies sued in this lawsuit.  Sirajuddin controlled all of the decisions regarding hiring, firing, means and method of compensation of employees.  These are all entities that are in the same business (convenience

store with gasoline sales), use common suppliers, have common supervisory personnel that are over multiple corporate locations, and are run as one business. Sirajuddin and the companies are all joint employers of Aslam and all of the Similarly Situated Workers.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

17.     Defendants violated the FLSA by failing to pay Aslam overtime pay for hours worked over 40 per workweek.

18.     Aslam has suffered damages as a direct result of Defendants' illegal actions.

19.     Defendants are liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA.

20.     Defendants pay all of their hourly workers in cash and on a straight-time basis (that is, no payment of overtime), don't deduct payroll taxes from the pay, and don't pay employer-side payroll taxes or unemployment taxes, in the same way that they don't pay their workers overtime pay. Defendants are fully aware of their obligations to withhold and pay taxes and their obligation to pay overtime yet have for years continued to knowingly violate the FLSA's requirements. This means that the claims of the Similarly Situated Workers as described below should be subject to a three-year statute of limitations rather than two.

### Collective Action Allegations

21.     The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers; that is, paying convenience store cashiers, managers, and other workers on an hourly basis and not paying them overtime. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the

Similarly Situated Workers.

22.    The Similarly Situated Workers to whom notice should be sent are properly defined as:

> **All individuals working for Defendants Farhaz Sirajuddin, Angel Ferry, Inc., Angel Roshan, Inc., Angel Inaara, Inc., Angel Aasna, Inc., Angel Arch, Inc., Angel Business, Inc., Angel Princess, Inc., Angel Farhaz Chevron LLC, Angel Saman Mobil LLC, Princess Serena LLC, Angel Muneera LLC, Angel Aliyan, Inc., Prince Arsh, LLC, Angel Shabana, LLC, Angel Aria, Inc., Angel Payaal, LLC, Angel Shahnaz LLC, Angels Noor Enterprises, LLC, and Angels Alizain LLC as cashiers, managers, or in any other capacity, who are/were employed by and paid on an hourly basis during the three-year period preceding the filing of this Complaint.**

23.    The Court should order the Defendants to provide contact information for all Similarly Situated Workers to Plaintiff's counsel and allow them to send notice to all Similarly Situated Workers so that those individuals have an opportunity to proceed collectively in this matter as allowed by the FLSA.

## **Defendants, Jurisdiction, and Venue**

24.    Defendant Farhaz Sirajuddin is an individual who is an owner and control person of all of the companies sued herein, is a joint employer with those entities, and is an "employer" as defined by the FLSA of Aslam and the Similarly Situated Workers.  Defendant may be served at 6923 Vanessa Springs Lane, Spring, Texas 77389, 3011 Grand Lakeview Drive, Spring, Texas 77388, or wherever he may be found.

25.    Defendant Angel Ferry, Inc. is a corporation that may be served with process through its owner/officer/registered agent Farhaz Sirajuddin at 6923 Vanessa Springs Lane, Spring, Texas 77389, 3011 Grand Lakeview Drive, Spring, Texas 77388 or wherever he may be found.

26.    Defendant Angel Roshan, Inc. is a corporation that may be served with process

through its owner/officer/registered agent Farhaz Sirajuddin at 6923 Vanessa Springs Lane, Spring, Texas 77389, 3011 Grand Lakeview Drive, Spring, Texas 77388 or wherever he may be found.

27.     Defendant Angel Inaara, Inc. is a corporation that may be served with process through its owner/officer/registered agent Farhaz Sirajuddin at 6923 Vanessa Springs Lane, Spring, Texas 77389, 3011 Grand Lakeview Drive, Spring, Texas 77388 or wherever he may be found.

28.     Defendant Angel Aasna, Inc. is a corporation that may be served with process through its owner/officer/registered agent Farhaz Sirajuddin at 6923 Vanessa Springs Lane, Spring, Texas 77389, 3011 Grand Lakeview Drive, Spring, Texas 77388 or wherever he may be found.

29.     Defendant Angel Arch, Inc. is a corporation that may be served with process through its owner/officer/registered agent Farhaz Sirajuddin at 6923 Vanessa Springs Lane, Spring, Texas 77389, 3011 Grand Lakeview Drive, Spring, Texas 77388 or wherever he may be found.

30.     Defendant Angel Business, Inc. is a corporation that may be served with process through its owner/officer/registered agent Farhaz Sirajuddin at 6923 Vanessa Springs Lane, Spring, Texas 77389, 3011 Grand Lakeview Drive, Spring, Texas 77388 or wherever he may be found.

31.     Defendant Angel Princess, Inc. is a corporation that may be served with process through its owner/officer/registered agent Farhaz Sirajuddin at 6923 Vanessa Springs Lane, Spring, Texas 77389, 3011 Grand Lakeview Drive, Spring, Texas 77388 or wherever he may be found.

32.     Defendant Angel Farhaz Chevron LLC is a limited liability company that may be served with process through its owner/officer/registered agent Farhaz Sirajuddin at 6923 Vanessa Springs Lane, Spring, Texas 77389, 3011 Grand Lakeview Drive, Spring, Texas 77388 or wherever he may be found.

33.     Defendant Angel Saman Mobil LLC is a limited liability company that may be served with process through its owner/officer/registered agent Farhaz Sirajuddin at 6923 Vanessa Springs Lane, Spring, Texas 77389, 3011 Grand Lakeview Drive, Spring, Texas 77388 or wherever he may be found.

34.     Defendant Princess Serena LLC is a limited liability company that may be served with process through its owner/officer/registered agent Farhaz Sirajuddin at 6923 Vanessa Springs Lane, Spring, Texas 77389, 3011 Grand Lakeview Drive, Spring, Texas 77388 or wherever he may be found.

35.     Defendant Angel Muneera LLC is a limited liability company that may be served with process through its owner/officer/registered agent Farhaz Sirajuddin at 6923 Vanessa Springs Lane, Spring, Texas 77389, 3011 Grand Lakeview Drive, Spring, Texas 77388 or wherever he may be found.

36.     Defendant Angel Aliyan, Inc. is a corporation that may be served with process through its owner/officer/registered agent Farhaz Sirajuddin at 6923 Vanessa Springs Lane, Spring, Texas 77389, 3011 Grand Lakeview Drive, Spring, Texas 77388 or wherever he may be found.

37.     Defendant Prince Arsh. LLC is a limited liability company that may be served with process through its owner/officer/registered agent Farhaz Sirajuddin at 6923 Vanessa Springs Lane, Spring, Texas 77389, 3011 Grand Lakeview Drive, Spring, Texas 77388 or

wherever he may be found.

38.     Defendant Angel Shabana, LLC is a limited liability company that may be served with process through its owner/officer/registered agent Farhaz Sirajuddin at 6923 Vanessa Springs Lane, Spring, Texas 77389, 3011 Grand Lakeview Drive, Spring, Texas 77388 or wherever he may be found.

39.     Defendant Angel Aria, Inc. is a corporation that may be served with process through its owner/officer/registered agent Farhaz Sirajuddin at 6923 Vanessa Springs Lane, Spring, Texas 77389, 3011 Grand Lakeview Drive, Spring, Texas 77388 or wherever he may be found.

40.     Defendant Angel Paayal LLC is a limited liability company that may be served with process through its owner/officer/registered agent Farhaz Sirajuddin at 6923 Vanessa Springs Lane, Spring, Texas 77389, 3011 Grand Lakeview Drive, Spring, Texas 77388 or wherever he may be found.

41.     Defendant Angel Shahnaz LLC is a limited liability company that may be served with process through its owner/officer/registered agent Farhaz Sirajuddin at 6923 Vanessa Springs Lane, Spring, Texas 77389, 3011 Grand Lakeview Drive, Spring, Texas 77388 or wherever he may be found.

42.     Defendant Angels Noor Enterprises LLC is a limited liability company that may be served with process through its owner/officer/registered agent Farhaz Sirajuddin at 6923 Vanessa Springs Lane, Spring, Texas 77389, 3011 Grand Lakeview Drive, Spring, Texas 77388 or wherever he may be found.

43.     Defendant Angels Alizain LLC is a limited liability company that may be served with process through its owner/officer/registered agent Farhaz Sirajuddin at 6923 Vanessa

Springs Lane, Spring, Texas 77389, 3011 Grand Lakeview Drive, Spring, Texas 77388 or wherever he may be found.

44.     This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

### Demand for Jury

45.     Aslam demands a trial by jury.

### Prayer for Relief

WHEREFORE, Aslam and all employees similarly situated who join in this action demand:

1.  Issuance of notice as soon as possible to all persons who are/were employed by and paid on an hourly basis by any Defendant during the three-year period immediately preceding the filing of this Complaint.  Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit to proceed collectively if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2.  Judgment against Defendants for an amount equal to Plaintiff's and the Similarly Situated Workers' unpaid overtime wages at the applicable rate;
3.  An equal amount to the overtime wage damages as liquidated damages;
4.  Judgment against Defendants that their violations of the FLSA were willful;
5.  To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6.  All costs and attorney's fees incurred prosecuting these claims;
7.  Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8.  Leave to amend to add claims under applicable state laws; and
9.  For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF ALI ASLAM**